IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: | ) | MISC. NO. 17-00303 JMS-KSC |
| | ) | |
| WHOLE WOMAN'S HEALTH, et al. | ) | ORDER GRANTING JANE DOE, |
| | ) | M.D.'S MOTION TO QUASH |
| Plaintiffs, | ) | DEPOSITION SUBPOENA ISSUED BY |
| | ) | DEFENDANTS PAXTON, ET AL. |
| vs. | ) | |
| | ) | |
| KEN PAXTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING JANE DOE, M.D.'S MOTION TO QUASH
DEPOSITION SUBPOENA ISSUED BY DEFENDANTS PAXTON, ET AL.

Jane Doe, M.D. ("Dr. Doe"), requests an order quashing Ken Paxton's ("Paxton") October 19, 2017 subpoena ("Subpoena") commanding her to appear for a deposition on October 26, 2017 on three grounds: 1) it fails to comply with Federal Rule of Civil Procedure ("FRCP") 45; 2) it imposes an undue burden; and 3) it improperly seeks her unretained expert testimony. For the reasons articulated below, the Court GRANTS the Motion and HEREBY QUASHES the Subpoena.

BACKGROUND

A. Underlying Litigation

Paxton issued the Supboena in connection with a case currently pending in the U.S. District Court for the Western District of Texas, Austin Division, Whole Woman's Health, et al. v. Ken Paxton, et al., Civil No. 1:17-00690-LY. The lawsuit, filed by multiple Texas Healthcare providers, challenges the

constitutionality of Texas Senate Bill 8 ("SB 8"), which was enacted during the 2017 legislative session. As related to the present Motion, SB 8 requires abortion providers to cause fetal demise prior to performing a dilation and excavation. According to the defendants in the lawsuit, administering digoxin is "one of the three safe and effective methods to induce fetal demise." Response, Doc. No. 13 at 2.

B.  History Related to the Subpoena

Paxton initially subpoenaed Dr. Doe on September 20, 2017, commanding her to appear for a deposition on October 6, 2017. Following service of the subpoena, Paxton and Dr. Doe, through counsel, engaged in negotiations concerning the scope of the deposition and terms necessary for Dr. Doe to voluntarily appear for a deposition. The parties eventually agreed to submit an unopposed motion for protective order. However, during the exchange of the working draft, Paxton removed provisions prohibiting disclosure of Dr. Doe's identity. Unable to reach an agreement concerning the content of the motion for protective order, negotiations terminated and on October 19, 2017, Paxton issued the Subpoena.

On October 23, 2017, Dr. Doe filed the present Motion.

## ANALYSIS

Before reaching the merits of the dispute, the Court addresses scheduling matters that appear to impact the

2

disposition of this Motion.  In the underlying action, an order filed on September 11, 2017 states that "the parties agreed discovery would be completed and that the cause may be set for bench trial beginning November 2, 2017."  Doc. No. 73 at 3.  The Agreed Scheduling Order, filed on September 19, 2017, establishes deadlines for designations of deposition testimony and witness lists, among others, and most have expired.[1]  Doc. No. 83.  At the hearing, Summer Lee, counsel for Paxton, explained that the Special Master is allowing the parties to designate deposition testimony during trial.  While it is still unclear whether further discovery is permissible based on the orders and deadlines in the underlying action, the Court has concerns that the late-issued Subpoena could disrupt the underlying proceedings and potentially violate agreed-upon deadlines.  This alone arguably provides a basis to quash the subpoena.

Even if the deadlines in the underlying action do not preclude the issuance of subpoenas and/or the taking of Dr. Doe's

---

[1] Melissa Cohen, staff attorney for the Planned Parenthood Federation of America, and counsel for the plaintiffs Planned Parenthood Center for Choice, Planned Parenthood for Greater Texas Surgical Health Service, and Planned Parenthood South Texas Surgical Center in the underlying action, confirmed that trial is scheduled to commence on November 2, 2017; that the plaintiffs in the underlying action do not intend to call Dr. Doe as a witness; that the defendants in the underlying action did not identify Dr. Doe on their witness list and the deadline to designate additional trial witnesses without leave of court has passed; and that the deadline to designate deposition testimony has passed. Mot., Decl. of Melissa Cohen at ¶¶ 1, 11-12.

3

deposition, the Court quashes the Subpoena because it fails to allow a reasonable time to comply.

Courts for the district where compliance is required must quash or modify subpoenas that: "(i) fail[] to allow a reasonable time to comply; (ii) require[] a person to comply beyond the geographical limits specified in Rule 45(c); (iii) require[] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[] a person to undue burden."[2] Fed. R. Civ. P. 45(d)(3)(A).

A. <u>Time to Comply</u>

Paxton argues that the Subpoena provided sufficient time to comply because not only is six days sufficient, Paxton and Dr. Doe had been negotiating mutually agreeable terms since September 20, 2017, when the first subpoena was served. Citing FRCP 30(b)(1), Paxton contends that a week to 10 days deposition notice is sufficient when it does not involve the production of documents. The case cited by Paxton, <u>Reddy v. Precyse Sols. LLC</u>, No. 1:12-CV-02061- AWI-SA, 2015 WL 3407447, at *3 (E.D. Cal. May

---

[2] Paxton notes that Dr. Doe has not sought a protective order. A protective order is unnecessary; this Motion is the appropriate mechanism to challenge the subpoena. In fact, even without a request for a protective order, courts may impose conditions instead of modifying or quashing a subpoena. Fed. R. Civ. P. 45(d)(3)(C) (authorizing the court to "order appearance or production under specified conditions" in the circumstances described in FRCP 45(d)(3)(B) provided that the serving party "(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated").

4

26, 2015), was an order granting the defendant's FRCP 37 motion to compel the plaintiff's deposition.[3] Thus, the strictures of FRCP 45 were not implicated. Insofar as Dr. Doe is not a party to the underlying action,[4] and this Motion concerns a subpoena, the Court is guided by cases applying FRCP 45.

In determining the reasonableness of the time to comply with a subpoena, courts conduct a fact-specific inquiry. Gordon v. Sonar Capital Mgmt. LLC, No. C 15-80080 LB, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015). "Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory." Bonzani v. Shinseki, No. 2:11-CV-00007- EFB, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014) (citation and quotations omitted). That said, courts generally conclude that fewer than 10 days to comply is unreasonable. Gordon, 2015 WL 1227848, at *2 (citing Tri Investments, Inc. v. Aiken Cost Consultants, Inc., No. 11-04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (holding that "[s]ix total days and four business days is not a reasonable time to comply with a subpoena and notice of

---

[3] The plaintiff failed to appear for two depositions and the Court found that the defendant's second amended notice of deposition, served on April 20, 2015 and noticing the deposition for May 8, 2015, was reasonable and complied with FRCP 30(b). Reddy, 2015 WL 3407447, at **2-3

[4] "Non-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves." Convolve, Inc. v. Dell, Inc., No. C 10-80071 WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011).

5

deposition"); Anderson v. Dobson, No. 06-02, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (holding that 10 days was not an adequate time for compliance and noting that "the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions"); In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (holding that six days was not reasonable)).

Here, the Subpoena provided only six days to comply. The Court acknowledges that Dr. Doe was on notice, from September 20, 2017, that Paxton sought to depose her. However, Paxton was likewise on notice that Dr. Doe was contemplating a motion to quash and that she believes multiple bases exist to quash the Subpoena. Mot., Decl. of Michael Bopp at ¶¶ 7-8. Under the circumstances, the Court finds that the Subpoena did not provide a reasonable time to comply.

Revealed for the first time at the hearing, compliance with the Subpoena would require Dr. Doe to travel to Honolulu from Los Angeles.[5] Six days is an unreasonably short window of

---

[5] This provides yet another basis to quash the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) (mandating that a subpoena be quashed or modified if it "requires a person to comply beyond the geographical limits specified in Rule 45(c)"). FRCP 45(c) allows a subpoena to command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Travel to Honolulu from Los Angeles clearly violates FRCP 45(c)(1).

6

time for a non-party (or any party for that matter) to appear for a deposition thousands of miles from her residence. Paxton argues that Dr. Doe's counsel asked that she be deposed in Honolulu, but the record reflects otherwise. During their negotiations, the parties discussed the location of the deposition, but at no point did Dr. Doe's counsel request that the deposition be noticed in Honolulu. The parties never settled on a location.

In an October 17, 2017 email, Christopher Hilton, counsel for Paxton, stated: "I don't understand the issue with providing a date for the deposition and confirmation that you will accept service. We will just re-notice for Hawaii if you can't agree to LA." Response, Doc. No. 8, Ex. E at 3. Perlette Jura, counsel for Dr. Doe, responded on October 19, 2017 that she would ask Dr. Doe "if we are authorized to accept service if you want to serve a new subpoena for Hawaii. At this time I do not have her authorization, so I'll need to ask." Id. at 2. Accordingly, Dr. Doe did not request that the deposition take place in Honolulu and the Subpoena provided insufficient time to comply.

Moreover, the period October 19-26, 2017 includes a weekend, leaving merely four business days for the presentation and adjudication of a motion to quash. In re Stratosphere, 183 F.R.D. at 687 ("Mr. Di Rocco was apparently not served with the

7

subpoena until November 18, 1998, six days before the scheduled deposition on November 24, 1998 (including the weekend), even though Plaintiffs knew Mr. Di Rocco was contesting any taking of his deposition."). Were trial not scheduled to commence on November 2, 2017, the exigency of the situation would be less pronounced. If the Subpoena was issued sufficiently in advance of trial with a reasonable time to comply, a motion to quash could be addressed in the ordinary course. But due to the impending trial, Dr. Doe was instead forced to challenge the Subpoena, and the Court tasked with resolving the matter, on an extraordinarily expedited basis.

Paxton emphasizes that the defendants in the underlying action are subject to an expedited schedule and that he scheduled the deposition to provide maximum notice to Dr. Doe while accounting for the limited discovery window. Yet the parties' negotiations reflect a lack of urgency. Response, Doc. No. 8, Exs. A-E. The negotiation process dragged on for one month and was ultimately unsuccessful, thereby negating counsel's efforts. Now, on the eve of trial and with multiple pertinent deadlines having expired, Paxton seeks to hurriedly take Dr. Doe's deposition. Paxton believes that because he commanded Dr. Doe to appear on a date her counsel previously indicated she could be available, Dr. Doe must articulate a reason why she requires more than six days to arrange for her appearance. A person's

availability does not automatically render the provided time to comply reasonable. As already discussed, compliance with the Subpoena would have required Dr. Doe travel to Hawaii. The circumstances must be considered, as they have been here. Based on the record before it, limited as it may be, the Court finds that the Subpoena fails to provide a reasonable time to comply. The Subpoena is accordingly QUASHED and Dr. Doe is relieved from any obligation to appear for the October 26, 2017 deposition.

Given the foregoing determination, it unnecessary to address Dr. Doe's remaining arguments.[6]

## CONCLUSION

For the reasons stated herein, the Court HEREBY GRANTS Dr. Doe's Motion to Quash, filed October 23, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 26, 2017.

 

Kevin S.C. Chang
United States Magistrate Judge

MISC. NO. 17-00303 JMS-KSC; IN RE: WHOLE WOMAN'S HEALTH; ORDER GRANTING JANE DOE, M.D.'S MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY DEFENDANTS PAXTON, ET AL.

---

[6] Paxton maintains that he only seeks to depose Dr. Doe for authentication purposes and for factual information. If this is true, there are less burdensome mechanisms that could be utilized to obtain information from Dr. Doe.

9